# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ROBERT MALLORY V. JIM KERAS CHEVROLET

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5406      J. Weber McCraw, Judge**

---

**No. W2011-00402-COA-R3-CV - Filed July 26, 2011**

---

Appellant appealed the trial court's order granting a motion to stay proceedings and compel arbitration. We dismiss for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

HOLLY M. KIRBY, J., ALAN E. HIGHERS, P.J., W.S., AND J. STEVEN STAFFORD, J.

Robert Mallory, Oakland, Tennessee, appellant, *pro se*

Ross Emerson Webster, Memphis, TN, Tennessee, for the appellee, Jim Keras Chevrolet

### MEMORANDUM OPINION[1]

On November 2, 2009, Appellee Jim Keras Chevrolet filed a Notice of Appeal to the Fayette County Circuit Court of a judgment entered against it on or about October 22, 2009 in the General Sessions Court of Fayette County, Tennessee. Subsequently, Appellee filed a motion to stay the trial court proceedings and to compel arbitration. On January 14, 2011, the trial court entered an order granting Appellee's motion and staying any further action in the case so that Appellee could submit the matter to arbitration. Appellant Robert Mallory then filed on January 20, 2011, a Notice of Appeal to this Court.

On April 18, 2011, Appellee Jim Keras filed a motion requesting that the Court dismiss this appeal for lack of jurisdiction. Specifically, Appellee submitted that the order appealed was not a final

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

judgment pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure and that no party had filed an application for permission to appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. Moreover, Appellee asserted that the order appealed is not an order for which an appeal is permitted pursuant to Tennessee Code Annotated section 29-5-319.[2] Appellant filed a response in opposition to the motion on April 25, 2011, in which Appellant asserted, among other things, that the contract at issue was forged. Thereafter, on May 24, 2011, Appellant filed a motion requesting that the Court compel Appellee to produce a certified handwriting report from a handwriting specialist in order to prove that the contract was forged. Appellee filed a response in opposition to the motion on May 27, 2011.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. ***See Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990). Clearly, the order appealed did not adjudicate any of the claims in this matter, but instead, merely stayed the trial court proceedings so that Appellee Jim Keras could submit the matter for arbitration. Consequently, the order appealed is not a final judgment. Although Tennessee Code Annotated section 29-5-319 provides for an appeal of right in certain situations involving arbitration issues, the statute does not provide for an appeal as of right for the instant case. Thus, this Court lacks jurisdiction of this matter and we must dismiss this appeal.

---

[2] Tennessee Code Annotated section 29-5-319 provides:

(a) An appeal may be taken from:

(1) An order denying an application to compel arbitration made under § 29-5- 303;

(2) An order granting an application to stay arbitration made under § 29-5-303(b);

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a re-hearing; and

(6) A judgment or decree entered pursuant to the provisions of this part.

(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.

T. C. A. § 29-5-319.

## CONCLUSION

For the foregoing reasons, we dismiss this appeal for lack of jurisdiction. Costs of this appeal are taxed to the appellant, Robert Mallory, for which execution may issue if necessary.

**PER CURIAM**